# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joseph Shaw,**
**Petitioner Below, Petitioner**

**vs.)     No. 18-0866** (Kanawha County 15-P-408)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

**FILED**
**June 3, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joseph Shaw, by counsel Edward L. Bullman, appeals the November 29, 2018, order of the Circuit Court of Kanawha County denying his second petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Scott E. Johnson, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2005, petitioner was indicted on two counts of nighttime burglary, one count of kidnapping, and two counts of second-degree sexual assault. On September 25, 2006, petitioner and the State informed the Circuit Court of Kanawha County that they had reached a plea agreement. Petitioner agreed to enter *Kennedy* pleas to the two counts of second-degree sexual assault.[1]  The State agreed to dismiss the remaining counts of the indictment and to forego filing a

---

[1]In Syllabus Point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), we held:

An accused may voluntarily, knowingly and understandingly consent to the
(continued . . .)

1

recidivist information against petitioner pursuant to West Virginia Code §§ 61-11-18 and -19.[2] Before accepting petitioner's pleas, the circuit court engaged in a colloquy with petitioner to determine whether he was knowingly and voluntarily entering the pleas and waiving his constitutional rights regarding a criminal trial. Satisfied with petitioner's answers, the circuit court accepted his pleas and adjudged him guilty of two counts of second-degree sexual assault. At a March 5, 2007, sentencing hearing, the circuit court sentenced petitioner to two consecutive terms of ten to twenty years of incarceration. Petitioner did not file a direct appeal.

Petitioner subsequently filed two petitions for a writ of habeas corpus in the circuit court, which denied both petitions. In *Shaw v. Ballard* ("*Shaw I*"), No. 12-0419, 2013 WL 2495117, at *2 (W. Va. May 24, 2013) (memorandum decision), this Court affirmed the denial of the first habeas petition. In *[Shaw] v. Ballard* ("*Shaw II*"), No. 15-1137, 2016 WL 5338238, at *2 (W. Va. Sept. 23, 2016) (memorandum decision),[3] we reversed the denial of petitioner's second habeas petition and remanded the case for an evidentiary hearing as to his claims of ineffective assistance of trial counsel. Upon remand, the circuit court appointed habeas counsel and held the evidentiary hearing on August 3, 2018. Both petitioner and petitioner's trial counsel testified. Following the hearing, the circuit court entered a comprehensive order on September 17, 2018, denying the habeas petition. Petitioner now appeals the circuit court's September 17, 2018, order.

In Syllabus Point 1 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we held:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

*See also* Syl. Pt. 1, *State ex rel. Postelwaite v. Bechtold*, 158 W.Va. 479, 212 S.E.2d 69 (1975) (holding that "[f]indings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong").

On appeal, petitioner argues that his pleas were involuntary because trial counsel failed to advise him that (1) a life sentence with the possibility of parole was an available sentence for

---

imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.

*See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

[2]Petitioner has an extensive criminal history in the State of New York.

[3]The appeal in *Shaw II* was treated as confidential. However, the record reveals no reason for such treatment as the sexual assault victim was an adult rather than a minor.

kidnapping (a count dismissed pursuant to the plea agreement) and (2) DNA not belonging to petitioner was found on the victim's bed cover. Respondent counters that the circuit court properly denied petitioner's habeas petition. We agree with respondent and note the circuit court's credibility findings.

"An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). With specific regard to habeas proceedings, we have stated that "[i]n cases where there is a conflict of evidence between defense counsel and the defendant, the circuit court's findings will usually be upheld." *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 327, 465 S.E.2d 416, 429 (1995). In *Call v. McKenzie*, 159 W.Va. 191, 196, 220 S.E.2d 665, 669-70 (1975), we further stated:

> The most common issues in *habeas corpus* cases are whether there were, indeed, knowing and intelligent waivers, whether there were facts outside the record which improperly caused the defendant to enter his plea, and whether defendant's counsel was indeed competent. These major issues can all be finally resolved in the careful taking of the original plea.

Here, the circuit court found that trial counsel testified credibly at the August 3, 2018, evidentiary hearing and that petitioner's own testimony was contradicted by his testimony at the September 25, 2006, plea hearing. Based on our review of the record, we find no reason to disturb these findings. Having reviewed the circuit court's September 17, 2018, "Final Order," we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions, which we find address petitioner's assignments of error. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision. Accordingly, we conclude that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm the circuit court's September 17, 2018, order denying petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: June 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison